# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TROY A. SMOCKS, Register No. 110888, | ) |
| Plaintiff, | ) |
| v. | ) No. 09-4157-CV-C-NKL |
| ANDREW WILLIAM HASSELL, | ) |
| Defendant. | ) |

## REPORT, RECOMMENDATION AND ORDER

    Plaintiff Troy A. Smocks, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as a defendant is Andrew William Hassell, Assistant Missouri Attorney General.

    In his original and amended complaints, plaintiff seeks to have defendant's privilege to practice law before this court withdrawn or suspended and claims defendant "intentionally made fraudulent misrepresentation to the federal court as a means to acquire a favorable outcome" in a habeas corpus action.

    Based on his inmate account information, plaintiff has been granted provisional leave to proceed without prepaying the filing fee and costs, subject to modification pursuant to the screening process required by 28 U.S.C. §§ 1915 and 1915A. Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff's claims, in essence, are a collateral attack on a habeas corpus proceeding that was not resolved in his favor.  The sole federal remedy for prisoners challenging the legality or duration of their confinement is a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  Therefore, plaintiff's claims should be dismissed, without prejudice, and federal habeas corpus forms will be forwarded to him.  The court notes state prisoners are required to exhaust their available state court remedies before bring federal habeas corpus claims.  28 U.S.C. § 2254(b) and (c).  "A claim is considered exhausted when the petitioner has afforded the highest state court fair opportunity to rule the factual and theoretical substance of his claims."  Asher v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

Plaintiff's complaint should be dismissed because he has failed to state a claim under 42 U.S.C. § 1983.  Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

Plaintiff's October 14, 2009 motion seeking an order for service of process is denied.  Plaintiff's challenge to the imposition of a filing fee and review of claims under section 1915, citing In re Funkhouser, 873 F.2d 1076 (8th Cir. 1989), is without merit.  The Prison Litigation Reform Act overrules the 1989 finding by the Funkhouser court that the Federal Rules of Civil Procedure do not contemplate payment of the filing fee and then later dismissal of the case as frivolous.  Section 1915 of the Federal Rules of Civil Procedure specifically provides that if a prisoner brings a civil action and seeks to proceed in forma pauperis, he still shall be required to pay the filing fee in full.  28 U.S.C. § 1915(b)(1).  Furthermore, notwithstanding any filing fee, or any portion thereof, that may have been paid, the court is to dismiss the case at any time if determined, as set forth above, that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(2)(B).

On September 2, 2009, plaintiff filed a motion to amend his complaint.  A party is permitted to amend his complaint once, as a matter of course, any time before a responsive pleading is served.  Fed. R. Civ. P. 15.  No responsive pleading has been filed in this case.

2

IT IS, THEREFORE, ORDERED that plaintiff's motion to amend his complaint is granted. [11] It is further

ORDERED that plaintiff's motion for service of process on defendant is denied. [14] It is further

ORDERED that the Clerk of Court forward to plaintiff forms for filing a habeas corpus proceeding. It is further

RECOMMENDED that plaintiff's claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 2nd day of November, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3